```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

LESLIE PAUL HOWARTH,            :
          Plaintiff             :
     v.                         : Civil Action No. 05-20J
BIGDOGZ GRILL, INC.,            :
          Defendant             :

<u>Report and Recommendation</u>

<u>Orders and Recommendation</u>

Plaintiff filed a <u>pro se</u> complaint citing 42 U.S.C.§ 1983, 42 U.S.C.§ 1985, and the Americans with Disabilities Act, 42 U.S.C.§ 12101, <u>et seq.</u>, against defendant, a restaurant at 1750 Bedford Street in Stoneycreek Township, Cambria County. Pending are plaintiff's motion for a jury trial, docket no. 3, plaintiff's motion for a default judgment, docket no. 4, and plaintiff's motions for leave to proceed <u>in forma pauperis</u>, docket no. 7, docket no. 8.

Plaintiff's motions for leave to proceed <u>in forma pauperis</u>, docket no. 7 and docket no. 8, are granted, but the request for Marshal's service of the complaint is denied. Plaintiff's motion for a jury trial, docket no. 3, is denied as unnecessary: if and when plaintiff refiles his complaint he simply needs to include a jury demand in the complaint and it will be granted if appropriate. Plaintiff's motion for a default judgment, docket no. 4, is denied. Finally, because the complaint as filed fails to show that plaintiff has standing to file a complaint, this court lacks subject matter jurisdiction, and the complaint must be either amended or dismissed.

<u>Report</u>

Plaintiff alleges that he is disabled and uses a wheelchair or crutches. He has filed complaints against many area

businesses or public entities alleging noncompliance with regulations implementing the Americans with Disabilities Act. In this complaint he alleges that BIGDOGZ Grill does not have the required number of ADA compliant parking spaces. Plaintiff also alleges that after he complained to the owner about this issue, the owner called the local police about plaintiff parking in a handicapped parking spot, even though plaintiff has a valid license plate to park in handicapped parking spots. Plaintiff does not allege that he was improperly cited for parking in a handicapped parking space, that he was cited at all, or that the police even came to the scene. Plaintiff also alleges that the owner of the defendant sometimes parks in the area between the handicapped parking spot and the entrance.

Plaintiff moved for a default judgment, alleging that he served the complaint. He has not filed a return of service, but alleges that the return of service was filed at another action. That is not adequate to show defendant is in default, much less that this matter presents the kind of "extreme circumstances," TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir.2001), necessary for entry of a default judgment. See also Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir.1982)(defaults are not favored).

Plaintiff also seeks to have the Marshal's Service serve the complaint on defendant. A court has a duty in every case to assure itself that it has subject matter jurisdiction, but this is particularly so when it is asked to expend Marshal's Service resources in serving a complaint.

As with other complaints filed by plaintiff, it is not clear whether plaintiff intends to state claims under Section 1983 and Section 1985 of Title 42 in addition to a claim under the ADA, because all he does is refer to those sections, but if he does intend to state claims under those sections, they would have to be dismissed. The Supreme Court has made it clear that where a federal statute provides its own comprehensive enforcement scheme, Congress intended to foreclose a right of action under Section 1983. See Middlesex County Sewerage Authority v. National Sea Clammers Ass'n, 453 U.S. 1, 20-21 (1981). Since the ADA specifically sets forth what remedies are available, it would contravene the statute's plain intent to render those sections meaningless by judicially tacking on the remedies available under Section 1983. As for a claim under Section 1985, plaintiff does not allege any conspiracy to deprive him of his civil rights.

Title III of the ADA, 42 U.S.C.§ 12182(a)(1), and (2)(iii), provides in part:

a) General rule
No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.
***
(2) Specific prohibitions
(A) Discrimination
For purposes of subsection (a) of this section, discrimination includes--
***
(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege,

advantage, or accommodation being offered or would result in an undue burden[.]

Neither the federal constitution nor Title III permit plaintiff, just because he has a disability, to act as a private attorney general to enforce compliance with the ADA. To state a legal claim, a plaintiff must show that he has suffered some particular injury from the defendant's act or omission separate and apart from the metaphysical injury to society in general caused by a person's violation of law. See <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992). An injury, under Title III of the ADA, is "a real and immediate threat that a particular (illegal) barrier will cause future harm." <u>Disabled Americans For Equal Access, Inc. v. Ferries Del Caribe, Inc.</u>, 405 F.3d 60, 64 (1st Cir.2005), <u>quoting</u> <u>Dudley v. Hannaford Bros. Co.</u>, 333 F.3d 299, 305 (1st Cir.2003). A person with a disability who is currently deterred from patronizing a public accommodation due to a failure to comply with the ADA, or who is threatened with being deterred in the future because of the noncompliance, suffers sufficient harm to confer standing. <u>Id.</u>, <u>citing</u> <u>Pickern v. Holiday Quality Foods, Inc.</u>, 293 F.3d 1133, 1138 (9th Cir.2002). A person with a disability who is deterred from patronizing one place of public accommodation by its alleged noncompliance with the ADA does not have standing to assert claims against a public accommodation suffering from the same alleged noncompliance but which he has not sought to visit, just as his particular disability does not confer standing to raise ADA claims which do not relate to his disability. <u>Clark v. McDonald's Corp.</u> 213 F.R.D. 198, 230 (D.N.J.2003). In the same way, observing an

instance of noncompliance with the ADA that offends plaintiff's sense of the way things ought to be but which does not deter or impair his ability to patronize a public accommodation does not confer standing.  To repeat the illustration I used in a previous matter involving parking lots, if the restaurant parking lot should have four handicapped parking spaces but only has three, plaintiff is not injured and has no standing to seek injunctive relief unless it is "likely," see Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 212 (1995)(holding that standing existed because alleged that future injury was "likely" or "extremely likely"), that he will be deterred from patronizing the restaurant because those spots are always taken.  To have a valid complaint, plaintiff must at least allege this kind of harm.

Plaintiff does not allege that he will be deterred from patronizing the defendant because of the state of the parking lot at 1750 Bedford Street, nor does he even allege that he ever suffered such harm there.  His claim of retaliation is similarly inadequate: if after he complained to the defendant's owner the owner called the police to complain about plaintiff parking in the wrong spot, that does not constitute retaliation because plaintiff does not allege that any legally significant harm to him occurred.  The complaint must be dismissed.  If plaintiff wishes to pursue a legal claim against defendant, he shall within the time for filing objections submit a valid amended complaint.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 22 July 2005

_____
Keith A. Pesto,
United States Magistrate Judge

cc:
Leslie Paul Howarth, Ph.D.
211 Bentwood Avenue
Johnstown, PA 15904-1333